**BETTER HOME PLASTICS CORPORATION, Plaintiff–Appellee,**

v.

**The UNITED STATES, Defendant–Appellant.**

No. 96–1322.

United States Court of Appeals, Federal Circuit.

July 16, 1997.

Peter J. Fitch, Fitch, King and Caffentzis, Monmouth Beach, NJ, argued, for plaintiff-appellee. Of counsel was James Caffentzis.

Saul Davis, Attorney, Civil Division, Department of Justice, International Trade Field Office, New York City, argued, for defendant-appellant. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Washington, DC, and Joseph I. Liebman, Attorney in Charge, International Trade Field Office. Of counsel on the brief was Karen P. Binder, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, New York City.

Before RICH, CLEVENGER, and BRYSON, Circuit Judges.

RICH, Circuit Judge.

This appeal is from a decision entered 9 February 1996 by the United States Court of International Trade on a stipulation of agreed facts in a customs classification case, No. 93–01–00065, involving inexpensive imported shower curtain sets. The court ordered Customs to set aside its classification of the sets and reclassify the sets as requested by the plaintiff. We affirm.

## BACKGROUND

The shower curtain sets in question comprise an outer textile curtain, an inner plastic magnetic liner, and plastic hooks. The outer textile curtain typically has a decorative pattern, and being semi-transparent, it permits the color of the plastic liner to show through. The inner plastic liner prevents water from escaping the shower and prevents the fabric curtain from being soiled with mildew or soap. The liner is opaque, and thereby also contributes to the decorative and privacy-maintaining functions of the set. The hooks attach the liner and the curtain to the overhead curtain rod found at the entrance to most domestic showers. The sets are at the low end of the shower curtain market: plaintiff, Better Home Plastics, sells the sets to discount stores for $5—$6 per set; they are resold to consumers for $9—$12 per set.

The General Rules of Interpretation (GRI) of the Harmonized Tariff Schedule of the United States (HTSUS) help determine which subheading should govern the duty to be assessed on imports of these sets. According to GRI 3(a), when "goods are, *prima facie*, classifiable under two or more headings," the court must choose the heading providing the most specific description. This is the so-called relative specificity test. GRI 3(a) provides an exception to the applicability of this test, however, when "two or more headings each refer ... to only part of the items in a set." Pursuant to GRI 3(b), goods not classifiable under GRI 3(a) are classified

by the "component which gives them their essential character." This is the so-called essential character test. GRI 3(c) provides a default rule for goods not classifiable after resort to either GRI 3(a) or (b). GRI 3(c) directs that such goods be classified "under the heading which occurs last in numerical order among those which equally merit consideration."

Two subheadings of the HTSUS are in issue. The sets might be classified on the basis of the textile curtain, pursuant to subheading 6303.92.000 of the HTSUS, resulting in a duty of 12.8%. Alternatively, they might be classified on the basis of the plastic liner, pursuant to subheading 3924.90.1010 of the HTSUS, resulting in a duty of 3.36%. Customs classified the sets under subheading 6303.92.000 because Customs applied the default rule of GRI 3(c) after determining that neither the relative specificity test nor the essential character test was applicable.

Plaintiff brought suit before the Court of International Trade contending that the sets should be classified under the other subheading. Beginning with the relative specificity test, the court concluded that the test was inapplicable because the two competing headings each refer only to part of the items in the set. The court then concluded that the essential character test was applicable and that under the test the essential character of the sets is derived from the plastic liner.

## ANALYSIS

■ On appeal, there is extensive argument about presumptions and deference that can be quickly addressed. The United States argues that Customs' determinations are entitled to a statutory presumption of correctness under 28 U.S.C. § 2693(a)(1) (1994) and that the Court of International Trade did not give proper administrative deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984), to Customs' classification, after its decision that the essential character cannot be determined. As we have recently held in several cases, neither argument is of merit here, where the sole issue is the proper classification of a particular imported good.

*See Rollerblade, Inc. v. United States,* 112 F.3d 481, 483 (Fed.Cir.1997); *Universal Elecs., Inc. v. United States,* 112 F.3d 488, 491–93 (Fed.Cir.1997); *Goodman Mfg. v. United States,* 69 F.3d 505, 508 (Fed.Cir. 1995). The procedure and standards for review of Customs' classifications is clear. Acknowledging the procedural importance of presumptions, the Court of International Trade is nonetheless charged with the duty to "reach the correct decision." *Rollerblade,* 112 F.3d at 484 (quoting 28 U.S.C. § 2643(b)). On appeal, we review the findings of that court—not those of Customs— for clear error; while we decide questions of law *de novo. Universal Elecs.,* 112 F.3d at 491.

■ We turn, then, to the merits of the arguments presented. The United States argues that the Court of International Trade erred in its application of the essential character test because, according to the United States, the fabric curtain provides the essential character of the sets. In the alternative, the United States argues that the essential character cannot be determined and the default rule of GRI 3(c) should apply. We disagree with both arguments.

The Court of International Trade carefully considered all of the facts, and, after a reasoned balancing of all the facts, concluded that Better Home Plastics offered sufficient evidence and argument to overcome the presumption of correctness. The court concluded that the indispensable function of keeping water inside the shower along with the protective, privacy and decorative functions of the plastic liner, and the relatively low cost of the sets *all combined* to support the decision that the plastic liner provided the essential character of the sets. Contrary to the argument offered by the United States, we are not persuaded that the court erred in looking to analogous areas of law concerning "indispensability" for guidance in analyzing "essential character." The court's decision did not rely solely, or even hinge, on the indispensability of the water-retaining function. The decision was substantially based on the importance of the other functions as well as the cost of the entire set. Therefore, we see no error in the court's ultimate conclusion of

essential character in this case. As a result, we also see no error in this case in the court's refusal to reject the essential character test in favor of the default rule of GRI 3(c).

## CONCLUSION

In light of the foregoing, we affirm the decision of the Court of International Trade.

*AFFIRMED.*