**THE POMEROY COLLECTION,
LTD., Plaintiff–Appellant,**

**v.**

**UNITED STATES, Defendant–Appellee.**

**No. 02–1565.**

United States Court of Appeals,
Federal Circuit.

July 25, 2003.

Peter J. Fitch, Fitch, King and Caffentzis, of New York, NY, argued for plaintiff-appellant.

Bruce N. Stratvert, Attorney, Civil Division, Commercial Litigation Branch, International Trade Field Office, Department of Justice, of New York, NY, argued for defendant-appellee. With him on the brief were Robert D. McCallum, Jr., Associate Attorney General; David M. Cohen, Director, Department of Justice, of Washington, DC; and John J. Mahon, Acting Attorney in Charge, International Trade Field Office. Of counsel on the brief was Beth C. Brotman, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of New York, NY.

Before MAYER, Chief Judge,
BRYSON, and LINN, Circuit Judges.

MAYER, Chief Judge.

The Pomeroy Collection, Inc. ("Pomeroy") appeals the judgment of the Court of International Trade upholding the U.S. Customs Service's classification of its imports, "Medium Romano Floor Lamps Rustic," under subheading 7013.99.90 of the Harmonized Tariff Schedule of the United States ("HTSUS"). *The Pomeroy Collection, Inc. v. United States,* 246 F.Supp.2d 1286 (Ct. Int'l Trade 2002). Because Customs correctly classified the subject merchandise, we affirm.

## Background

Pomeroy imported "Medium Romano Floor Lamps Rustic" from Mexico in 1997. The lamps consisted of glass vessels supported by wrought iron pedestals and could be used to hold candles, wine bottles, flowers, etc. Based on a 1994 Customs ruling classifying "floor candles" consisting of glass vessels and wrought iron pedestals under 7013.99.90, "Glassware of a kind used for ... indoor decoration," Headquarters Ruling Letter 956810 (Nov. 28, 1994), Customs classified Pomeroy's lamps as the same and levied a 5.2% ad valorem duty upon them. After Customs denied its protest, Pomeroy appealed to the Court of International Trade, arguing that the goods should have been classified under the residual subheading 7020.00.60 [1], "Other articles of glass," and duty-free. The parties moved for summary judgment, and the court upheld Customs' classification. Pomeroy appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

## Discussion

We review the grant of summary judgment by the Court of International Trade *de novo. Mead Corp. v. United States,* 283 F.3d 1342, 1345 (Fed.Cir.2002). If there is no issue of material fact with regard to the subject merchandise, as here, our review of Customs classification rulings collapses into statutory interpretation of the relevant tariff provisions, which is a question of law. *Id.* at 1345–46. We give these rulings the measure of deference proportionate to their "power to persuade." *Id.* at 1346 (quoting *Skidmore v. Swift,* 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944)).

---

1. In 1997, HTSUS 7020.00.00 was renumbered without change as 7020.00.60.

■ The classification of goods entering the United States is directed by the General Rules of Interpretation ("GRIs") of the HTSUS and the Additional United States Rules of Interpretation. *Orlando Food Corp. v. United States,* 140 F.3d 1437, 1439 (Fed.Cir.1998). At issue is the application of GRI 3(b), which states in relevant part: When "goods are, prima facie, classifiable under two or more headings, classification shall be effected as follows: ... (b) mixtures, composite goods consisting of different materials or made up of different components, ... shall be classified as if they consisted of the material or component which gives them their essential character." GRI 3(b) HTSUS (1997) (emphasis in original). Here, the lamps were found to be composite goods prima facie classifiable under heading 7013 for glass articles and heading 8306 for statuettes of base metal. And because the glass imparted the lamps their essential character, they were classified under heading 7013.

■ Pomeroy first argues that the court erred by excluding heading 7020 from the classifications under which the lamps could be prima facie classifiable. For purposes of GRI 3(b), however, the lamps are not prima facie classifiable under heading 7020, the residual "basket" category for glass goods, because they are readily classifiable under heading 7013, a more specific heading. *See* GRI 3(a) HTSUS (1997) (If two headings referring to the same component of the good may be applied, "[t]he heading which provides the most specific description shall be preferred to headings providing a more general description."); *see also Franklin v. United States,* 289 F.3d 753, 760 (Fed.Cir.2002) (applying GRI 3(a) to reject a general heading in favor of one with a more specific description of the merchandise).

■ Pomeroy then argues that the court erred in the application of GRI 3(b). Pomeroy posits that once it was determined that the glass imparted the essential character of the lamp, then the entire good should have been classified as the glass vessel would have been alone under 7020, "Other articles of glass." Pomeroy relies on a 1995 Customs ruling indicating that similar glass vessels imported separately would be classified under subheading 7020.00.00 and duty-free. Headquarters Ruling Letter 957413 (Mar. 31, 1995). In that ruling, Customs explained that the residual "other" category of glass was appropriate, inter alia, because the glass vessel could not function as a household decorative item without its stand. *Id.* Here, however, the goods were imported as functional lamps, not nonfunctioning glass vessels. And because goods must be classified in the form in which they are imported, *United States v. Citroen,* 223 U.S. 407, 414–15, 32 S.Ct. 259, 56 L.Ed. 486 (1911), heading 7013 is the correct classification.

■ Pomeroy last argues that the lamps should have been excluded from heading 7013 under an international explanatory note for that heading. The relevant note states: "Articles of glass combined with other materials (base metal, wood, etc.), are classified in this heading only if the glass gives the whole the character of glass articles." Note 70.13, Vol.3, Explanatory Notes, World Customs Organization (2d ed.1996) (emphasis in original). Pomeroy contends that this note creates a more restrictive standard than the "essential character" requirement in GRI 3(b). It asserts that although the glass vessels give the lamps their essential character, they do not give the whole lamps the character of glass. Therefore, the lamps cannot be classified under heading 7013, but must fall under heading 7020. We do not

agree. The "essential character" inquiry and the phrase "gives the whole the character of [the] articles" do not set out different standards. *See V.G. Nahrgang Co. v. United States*, 741 F.2d 1363, 1366 (Fed. Cir.1984) (applying plain meaning of tariff schedule headnote to define "essential character"). Moreover, with respect to component goods such as these lamps, once GRI 3(b) is applied and the lamps are treated as if they consist of the glass which gives them their essential character, the requirement that the glass give the whole the character of glass articles is necessarily met. Thus Explanatory Note 70.13 does not exclude the lamps from coverage under heading 7013.

### Conclusion

Accordingly, the judgment of the Court of International Trade is affirmed.

*AFFIRMED.*