# United States Court of Appeals for the Federal Circuit

2007-1028


MICHAEL SIMON DESIGN, INC.,

Plaintiff-Appellee,

v.


UNITED STATES,

Defendant-Appellant.


Alan Goggins, Barnes, Richardson & Colburn, of New York, New York, argued for plaintiff- appellant. With him on the brief were Eric W. Lander.

Amy M. Rubin, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-appellant. With her on the brief was Barbara S. Williams, Attorney in Charge. Also on the brief were Peter D. Keisler, Assistant Attorney General and Jeanne E. Davidson, Acting Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. Of counsel on the brief was Sheryl A. French, Office of Assistant Chief Counsel, United States Customs and Border Protection, of New York, New York.

Appealed from: United States Court of International Trade

Judge Judith M. Barzilay

# United States Court of Appeals for the Federal Circuit

2007-1028

MICHAEL SIMON DESIGN, INC.,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.

———————————————

DECIDED:   September 11, 2007

———————————————

Before MAYER and PROST, Circuit Judges, and LINARES, District Judge.[*]

MAYER, Circuit Judge.

The United States appeals the United States Court of International Trade's grant of summary judgment reversing the classification of certain imports in favor of Michael Simon Design, Inc. Michael Simon Design, Inc. v. United States, 452 F. Supp. 2d 1316 (Ct. Int'l Trade 2005). We affirm.

## Background

In July 2003, Michael Simon Design, Inc. ("MSD") imported apparel items into the United States, including sixteen styles of sweaters. Upon liquidation, the United States Bureau of Customs and Border Protection ("Customs") classified thirteen styles under

———————————————

[*] Honorable Jose L. Linares, District Judge, United States District Court for the District of New Jersey, sitting by designation.

heading 6110 of the Harmonized Tariff Schedule of the United States ("HTSUS"), which covers "[s]weaters, pullovers, sweatshirts, waistcoats (vests) and similar articles, knitted or crocheted," and imposes a 6% ad valorem duty. Customs also classified one style under heading 6206, which covers "[w]omen's or girls' blouses, shirts and shirt-blouses" and imposes a 15.5% ad valorem duty. The classification of the two remaining styles is not disputed. MSD protested the liquidations, arguing that the proper classification was as "festive articles" under chapter 95 of the HTSUS, duty free. Customs denied the protest.

MSD brought suit in the Court of International Trade contesting the protest denial. On undisputed facts, the Court of International Trade reviewed the nature of each import and granted summary judgment in favor of MSD on several styles, holding that Customs incorrectly classified them and that the correct classification was under chapter 95. It also granted summary judgment in favor of the government on other styles, determining that they were not festive articles and were properly classified by Customs. Michael Simon Design, 452 F. Supp. 2d at 1322-28. The government appeals the grant of summary judgment in MSD's favor, and we have jurisdiction under 28 U.S.C. § 1295(a)(5).

Discussion

We review the Court of International Trade's grant of summary judgment concerning tariff classifications de novo. Cummins Inc. v. United States, 454 F.3d 1361, 1363 (Fed. Cir. 2006). "If there is no issue of material fact with regard to the subject merchandise, as here, our review of Customs classification rulings collapses into statutory interpretation of the relevant tariff provisions, which is a question of law."

Pomeroy Collection, Ltd. v. United States, 336 F.3d 1370, 1371 (Fed. Cir. 2003); see also Bausch & Lomb Inc. v. United States, 148 F.3d 1363, 1365-66 (Fed. Cir. 1998). In so doing, we accord deference to Customs' rulings in proportion to their "power to persuade" under the principles of Skidmore v. Swift & Co., 323 U.S. 134 (1944). United States v. Mead Corp., 533 U.S. 218 (2001); Cummins, 454 F.3d at 1363. At the same time, we "recognize our independent responsibility to decide the legal issue regarding the proper meaning and scope of tariff terms." Rubie's Costume Co. v. United States, 337 F.3d 1350, 1354 (Fed. Cir. 2003); see also Warner-Lambert Co. v. United States, 407 F.3d 1207, 1209 (Fed. Cir. 2005).

Here, the government contends that utilitarian articles are not classifiable as festive articles under heading 9505. This court has previously rejected this argument, and we do so again. In Midwest of Cannon Falls, Inc. v. United States, 122 F.3d 1423, 1429 (Fed. Cir. 1997), the government argued that earthenware jack-o'-lantern mugs and pitchers were excluded from heading 9505 because of their utilitarian function. We refused to so limit the language of the tariff heading, noting that "[n]othing from the pertinent subheading 9505.90.60—'other festive, carnival or other entertainment articles'—limits 9505.90.60 to only 'non-utilitarian' items." Id. Recognizing that the jack-o'-lantern is a symbol "so closely associated with Halloween, and that the items will be displayed and used by the consumer only during Halloween," we concluded that they were properly classified as "other festive articles" under 9505.90.60. Id. In reaching this decision, we relied on the tariff heading language alone.

In Park B. Smith, Ltd. v. United States, 347 F.3d 922 (Fed. Cir. 2003), we again addressed the scope of the festive article tariff heading. At issue was whether imported

textile products decorated with holiday symbols were classifiable as festive articles. Relying on Midwest, we set out two criteria for classification as a festive article: "(1) it must be closely associated with a festive occasion and (2) the article is used or displayed principally during that festive occasion." Park B. Smith, 347 F.3d at 927 (citing Midwest, 122 F.3d at 1429). We reiterated that utilitarian goods are not excluded from classification as festive articles, id. at 926, 928, and we classified the contested napkins, placemats, and rugs bearing Halloween and Christmas symbols as festive articles. Like the mugs and pitchers at issue in Midwest, or the items in Park B. Smith, the utilitarian nature of the imported apparel items here does not preclude their classification as festive articles.

The government contends that our previous decisions warrant reconsideration because we did not accord the appropriate deference to Customs' rulings as called for by the Supreme Court in United States v. Mead Corp., 533 U.S. 218 (2001). Attempting to overcome our precedent, the government relies upon National Cable & Telecommunications Association v. Brand X Internet Services, 545 U.S. 967 (2005), which said that deference is appropriate for ambiguous statutes even when a court has previously construed the statute. 545 U.S. at 982 ("A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to Chevron deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion."). Although the government is correct that we decided Midwest before Mead, Park B. Smith was decided after Mead and recognized that "Skidmore weight should be given to Customs' position." Park B. Smith, 347 F.3d at 925 Notwithstanding such deference, Park B.

<u>Smith</u> nonetheless followed <u>Midwest</u> in refusing to exclude utilitarian articles from classification as festive articles. <u>Id.</u> at 927-28. Accordingly, the government's argument fails.

Moreover, the tariff heading unambiguously includes festive apparel when construed in light of the section and chapter notes, which are binding. General Rule of Interpretation 1, HTSUS (stating that classification "shall be determined according to the terms of the headings and any relative section or chapter notes"); <u>see also</u> <u>Park B. Smith</u>, 347 F.3d at 926 ("Section and Chapter Notes are not optional interpretive rules, but are statutory law . . . ."). The notes to Section XI of the HTSUS, in which chapters 61 and 62 fall, expressly state that the section does not cover articles of chapter 95. Section XI, Note 1(t), HTSUS. Thus, the tariff scheme contemplates articles falling into both apparel and festive article categories, and it expressly resolves this conflict in favor of classification in chapter 95. Similarly, the notes accompanying chapter 95 state that it does not cover "[s]ports clothing or fancy dress, of textiles, of chapters 61 or 62." Chapter 95, Note 1(e), HTSUS; <u>see also</u> <u>Rubie's Costume Co.</u>, 337 F.3d at 1356-60. Therefore, by expressly excluding only certain clothing articles from Chapter 95, the notes make clear that other textile clothing articles fall within its scope.[**] Because the tariff heading is unambiguous, we do not defer to Customs' ruling. <u>See</u> <u>Gen. Dynamics Land Sys. v. Cline</u>, 540 U.S. 581, 600 (2004) ("[T]oday, we neither defer nor settle on

---

[**] Chapter 95's notes have been amended to expressly exclude utilitarian items. Note 1(v), Chapter 95, HTSUS (effective Jan. 1, 2007). However, as the parties agree, we are concerned with the tariff schedule as it existed at liquidation. <u>See</u> <u>Parkdale Int'l v. United States</u>, 475 F.3d 1375, 1379-80 (Fed. Cir. 2007). In addition, the government's contention that this amendment does not fully resolve the issue going forward is irrelevant to our disposition of this case.

any degree of deference because the Commission is clearly wrong."). Nor will we allow Customs' rulings to create an ambiguity where none otherwise exists.

Finally, the government argues that the amendment to the Explanatory Notes in 2003 supports its position. That amendment expressly excludes articles having a utilitarian function from classification as a festive article. Of course, the Explanatory Notes are not binding upon us. Mita Copystar Am. v. United States, 21 F.3d 1079, 1082 (Fed. Cir. 1994) (citing Lynteq, Inc. v. United States, 976 F.2d 693, 699 (Fed. Cir. 1992)). Moreover, because the tariff provision is unambiguous and the Explanatory Notes are contrary to our precedent, we do not afford them any weight. See Rubie's Costume Co., 337 F.3d at 1359 ("Although the examples in the Explanatory Notes are probative and sometimes illuminating, we shall not employ their limiting characteristics, to the extent there are any, to narrow the language of the classification heading itself.").

The government has only challenged the interpretation of the tariff heading, and not the trial court's factual resolution of the nature of the goods. The parties concede that the imported apparel was prima facie classifiable under either chapter 61 or 62. However, because we conclude that the goods' utilitarian nature does not prohibit classification under chapter 95, and because the relevant chapter and section notes render classification proper under chapter 95, the trial court was correct to reverse Customs' classification ruling.

## Conclusion

Accordingly, the judgment of the United States Court of International Trade is affirmed.

### AFFIRMED