# United States Court of Appeals for the Federal Circuit

2006-1653, 2007-1177

FUJI AMERICA CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Cross Appellant.


Mark S. Zolno, Katten Muchin Rosenman LLP, of Chicago, Illinois, argued for plaintiff-appellant. With him on the brief were David P. Sanders and Eric R. Rock.

Bruce N. Stratvert, Attorney International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-cross appellant. With him on the brief were Jeanne E. Davidson, Director; and Barbara S. Williams, Attorney in Charge, of Washington, DC. Of counsel on the brief was Sheryl A. French, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection, of New York, New York.

Appealed from: United States Court of International Trade

Senior Judge R. Kenton Musgrave

# United States Court of Appeals for the Federal Circuit

2006-1653, 2007-1177

FUJI AMERICA CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Cross Appellant.

Appeals from the United States Court of International Trade in Case No. 03-CV-00126, Judge R. Kenton Musgrave.

_____

DECIDED:  March 19, 2008

_____

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

LOURIE, Circuit Judge.

Fuji America Corporation ("Fuji") appeals from the United States Court of International Trade's grant of summary judgment in favor of the United States, classifying Fuji's chip placer machines under subheading 8479.89.9797 of the Harmonized Tariff Schedule of the United States (2001) ("HTSUS").  Fuji Am. Corp. v. United States, 28 I.T.R.D. (BNA) 2199 (Ct. Int'l Trade 2006).  The government cross-appeals the portion of the trial court's judgment classifying Fuji's parts feeders under

HTSUS subheading 8479.90.9595. Because the court correctly classified the imported goods, we affirm.

BACKGROUND

This appeal involves machinery identified as "chip placers" and "feeders." Chip placers are machines that are used to place various electrical components such as resistors, capacitors, and microchips onto blank printed circuit boards ("PCBs"). The chip placers at issue in this case are used to populate blank PCBs with the proper electronic components to create a finished printed circuit assembly ("PCA"). Various discrete units comprise a chip placer, including a loading system that places blank PCBs into position to receive electrical components and removes finished PCAs, a placement system consisting of vacuum nozzles and heads that populates the blank PCBs with components, and a parts recognition system that ensures that the proper components are selected for the placement system. The feeders are composed of "motor" and "power" feeders and are designed to supply the various electrical components to the chip placers during operation.

The subject merchandise entered the United States at the Port of Los Angeles between January 3, 2001 and December 10, 2001. Upon entry, the United States Customs Service ("Customs") classified both the chip placers and the feeders under subheading 8479.89.97 of the HTSUS. Fuji protested Customs' classification, arguing that the chip placers should have been classified under HTSUS heading 8428 and that the feeders should have been classified under HTSUS heading 8431. Customs denied Fuji's protest.

Fuji brought suit in the Court of International Trade on March 26, 2003, contesting Customs' denial of the protest. Fuji filed a motion for summary judgment arguing that Customs was required to classify the chip placers under subheading 8428.90.00 and the feeders under subheading 8431.31.00. The government subsequently filed a cross-motion for summary judgment. The court granted the government's motion for summary judgment as to the chip placers. In doing so, the court found that the chip placers' principal function was not "the passive lifting and handling of materials," and therefore that the chip placers should not be classified under heading 8428. Id. at *17. The principal function of the chip placers, the court found, was "to perform an active and integral role in makings PCAs," a function not described in any of the headings of HTSUS Chapter 84. Id. at *27. Thus, the court found HTSUS heading 8479 to be the appropriate heading, as it encompasses all machines whose principal purpose "is not described in any heading." Id. (quoting HTSUS Chapter 84, Note 7). The court denied both parties' motions for summary judgment as to the feeders, and found that the proper classification for the feeders was subheading 8479.90.9595. Id. at *34.

On August 24, 2006, the government filed a motion for partial rehearing on the portion of the judgment concerning the feeders, alleging that the feeders should be classified together with the chip placers when both items were imported in the same shipment. The court denied the government's motion on December 19, 2006. Fuji Am. Corp. v. United States, 29 I.T.R.D. (BNA) 1174 (Ct. Int'l Trade 2006).

Fuji timely appealed to this court, and the government has filed a timely cross appeal. We have jurisdiction pursuant to U.S.C. § 1295(a)(5).

2006-1653, 2007-1177                    3

DISCUSSION

We review questions of law <u>de novo</u>, including the interpretation of the terms of the HTSUS, whereas factual findings of the Court of International Trade are reviewed for clear error. <u>Home Depot U.S.A., Inc. v. United States</u>, 491 F.3d 1334, 1335 (Fed. Cir. 2007); <u>Better Home Plastics Corp. v. United States</u>, 119 F.3d 969, 971 (Fed. Cir. 1997).

When interpreting a tariff classification, we look first to the General Rules of Interpretation ("GRIs") that govern the classification of goods under HTSUS. <u>Home Depot</u>, 491 F.3d at 1336. GRI 1 states that "for legal purposes, classification shall be determined according to the terms of the headings and any relative section or chapter notes." After consulting the headings and relevant section or chapter notes, we may consult the Explanatory Notes of the relevant chapters, although they are not binding upon us. <u>See</u> <u>Michael Simon Design v. United States</u>, 501 F.3d 1303, 1307 (Fed. Cir. 2007) (citing <u>Mita Copystar Am. v. United States</u>, 21 F.3d 1079, 1082 (Fed. Cir. 1994)).

A.   <u>Chip Placers</u>

On appeal, Fuji argues that the Court of International Trade improperly classified the chip placers by misconstruing the meaning of "lifting and handling." Fuji also claims that the court improperly relied on the rejected "more than" test. Fuji finally argues that the court improperly applied a residual tariff provision to the chip placers rather than a heading that more specifically describes the imports and their functionality. That improper application of a residual tariff provision, Fuji argues, was the result of the court's failure to apply a relative specificity analysis as required by precedent.

The government responds that the Court of International Trade did not apply the "more than" test in classifying the chip placers, but instead classified them according to their principal function. The court found the chip placers' principal function to be the assembly of PCAs, not lifting and handling. The government argues that that finding was not clearly erroneous. According to the government, the court did not need to resort to the rule of specificity in this case because heading 8479 is the only heading under which the chip placers can be classified, and the rule applies only when two or more headings are applicable.

We agree with the government that the Court of International Trade correctly classified the chip placers under subheading 8479.89.9797.

The relevant portions of the HTSUS read as follows:

| 8428 | Other lifting, handling, loading or unloading machinery (for example, elevators, escalators, conveyers, teleferics): |
| --- | --- |
| | * * * |
| 8428.90.00 | Other machinery |

\* \* \* \* \* \* \* \* \* \* \*

| 8479 | Machines and mechanical appliances having individual functions, not specified or included elsewhere in this chapter; parts thereof: |
| --- | --- |
| | * * * |
| 8479.89 | Other: Electromechanical appliances with self-contained electric motor; |
| | * * * |
| 8479.89.97 | Other |
| | * * * |
| 8479.89.9797 | Other |
| | * * * |

| | |
|---|---|
| 8479.90 | Parts: |
| | * * * |
| 8479.90.95 | Other |
| | * * * |
| 8479.90.9595 | Other |

Fuji argues that we should classify the chip placers under subheading 8428.90.00, rather than the subheading under which the court classified them, 8479.89.9797. We disagree. It is undisputed that the chip placers in this case perform lifting and handling functions as recited in Heading 8428: they lift the blank PCBs from the conveyor belt and handle them in such a way that the electrical components are properly placed on them. However, the chip placers are not used merely for the purpose of lifting and handling PCBs; they must also properly align, retrieve, and place specific electrical components on the PCBs. HTSUS Chapter 84, Note 7, Paragraph 1 is instructive on classification of merchandise with multiple purposes under Chapter 84:

> A machine which is used for more than one purpose is, for the purposes of classification, to be treated as if its principal purpose were its sole purpose.

Thus, for purposes of HTSUS Chapter 84, the principal purpose of the goods determines their tariff classification. The Court of International Trade determined that the principal purpose of the chip placers is "to perform an active and integral role in making PCAs." Fuji, at *27. We do not find that conclusion to be clearly erroneous. In light of that finding, and Note 7, the chip placers must be classified as if their sole purpose was making PCAs. Heading 8428, the classification urged by Fuji, does not address that function and therefore is not the correct classification heading for the chip placers.

The notes to Chapter 84 then direct us to what is the proper heading for the chip placers. For merchandise classified under Chapter 84 whose principal purpose is not described in any of the subheadings within that chapter, heading 8479 is the proper classification. See HTSUS Chapter 84, Note 7, ¶ 2 (stating "a machine the principal purpose of which is not described in any heading . . . is . . . to be classified in heading No. 84.79."). Thus, only one heading, 8479, applies to the chip placers, and we therefore need not apply a relative specificity analysis in this case. See HTSUS GRI 3(a).

Fuji also claims that the Court of International Trade erred in applying the "more than" doctrine, a doctrine employed prior to the creation of HTSUS that examined whether a machine performed "more than" the purposes detailed in the relevant Customs classification. See JVC Co. of Am. v. United States, 234 F.3d 1348, 1354 (Fed. Cir. 2000) (determining that the "statutorily-prescribed, comprehensive, and systematic method of classification set forth in the GRIs supplants the judicially-created 'more than' doctrine and precludes its applicability to cases arising under the HTSUS"). Such an argument fails, however, because the court did not, as Fuji argues, employ the "more than" doctrine. Instead, the court properly found and applied the principal function of the chip placers. Fuji, at *22. We therefore affirm the Court of International Trade's classification of the chip placers.

## B. Feeders

In its cross-appeal, the government argues that the Court of International Trade erred in classifying the feeders under subheading 8479.90.9595. The government concedes that the feeders are "parts" of the chip placers as defined in the HTSUS, but

argues that they are also machines standing alone and thus should be classified as such under subheading 8479.89. Fuji responds by arguing that the feeders were properly classified by the court under HTSUS subheading 8479.90.9595.[1]

We agree with Fuji. The government argues that feeders are machines with individual functions and should thus be classified under subheading 8479.89. The Explanatory Notes to Heading 8479 provide the basis for determining whether the feeders are classifiable as "machines . . . having individual functions." HTSUS Heading 8479. Explanatory Note B requires that devices that depend on another machine must meet two requirements to be classified independently as machines. For such a classification, it is required that the device's function:

> (i) is distinct from that which is performed by the machine or appliance whereon they are to be mounted, or by the entity wherein they are to be incorporated, and

> (ii) does not play an integral and inseparable part in the operation of such machine, appliance or entity.

HTSUS Explanatory Notes, § XVI, Chapter 84.79(B).

The parties agree that the feeders in this case satisfy the first requirement of Explanatory Note B. Their disagreement arises with regard to the second requirement: whether the feeders' function plays an "integral and inseparable part" in the chip placers' operation. Fuji, at *22. We agree with Fuji that it does. Without feeders dedicated to providing components, the chip placers would not be able to perform their principal function of creating PCAs. The government's claim that other types of feeders

---

[1] Fuji preliminarily argues that the feeders should have been classified under 8431.39.00 as parts of machines (the chip placers) that perform lifting and handling. That argument fails, however, as Fuji acknowledges, due to our classification of the chip placers under heading 8479, not 8431.

could be substituted to enable the chip placers to properly operate, thereby demonstrating that the feeders are not integral, is misplaced. Any substitute for the feeders would perform the same function that the feeders perform, namely, providing components to the chip placers during operation. Without some sort of device performing this function, the chip placers would be unable to create PCAs. The Explanatory Note requires evaluation as to whether the function of the feeders is an integral and inseparable part of the chip placers' operation, not whether any substitute for the feeders is available as the government supposes. The trial court correctly found that the feeders are integral and inseparable for the operation of the chip placers. Thus, since the function of the feeders is an integral and inseparable part of the chip placers operation, the feeders are not machines with individual functions under Heading 8479, and are therefore not properly classified under subheading 8479.89.[2]

Both parties agree that the feeders are parts for purposes of the HTSUS. Since we have held that they are not properly classified under subheading 8479.89, they must be classified under subheading 8479.90. See HTSUS Section XVI, Note 2(b). Within that subheading there is not a specific subheading for feeders; therefore, they are classified as "other" under subheading 8479.90.9595. Thus, we affirm the Court of International Trade's classification of the feeders.

---

[2] The government also urges this court to apply HTSUS Section XVI, Note 4, to classify the feeders together with the chip placers. We decline to entertain that argument as it was not properly raised and argued before the trial court. Fuji Am. Corp. v. United States, 29 I.T.R.D. (BNA) 1174, *4 n.1 (stating that "were the issue of such importance, the Court would expect it to be fleshed out during the normal course of briefing--which was not the case in the instant action.")

## CONCLUSION

Accordingly, the judgment of the United States Court of International Trade is affirmed.

## <u>AFFIRMED</u>